1
2
3
4
5     **IN THE UNITED STATES DISTRICT COURT**
6    **FOR THE EASTERN DISTRICT OF CALIFORNIA**
7

RAYMOND ALFORD BRADFORD,    Case No. 1:07-cv-01031 OWW NEW (TAG)

8     Petitioner,

9

  v.           FINDINGS AND RECOMMENDATIONS

10             TO DISMISS COMPLAINT WITH
SUPERIOR COURT OF CALIFORNIA,  PREJUDICE FOR LACK OF JURISDICTION
11 COUNTY OF KINGS,

12     Respondent,

13 D. RUIZ,
Real Party In Interest,
14
     Respondent.
15 _____/

16    On July 17, 2007, Raymond Alford Bradford ("Bradford"), a state prisoner proceeding pro se,

17 petitioned this Court to issue a writ of mandamus or, alternatively, a writ of prohibition, presumably

18 under 28 U.S.C. § 1361, 1651, or Fed.R.Civ.P. 81.  (Doc. 1).  This matter has been referred to the

19 Magistrate Judge pursuant to 28 U.S.C. § 636(b) and Local Rule 72-302.

20    Pursuant to 28 U.S.C. § 1915A(b), this Court must "screen" a prisoner's complaint to determine

21 whether the case should be dismissed because, among other things, it "is frivolous, malicious, or fails

22 to state a claim upon which relief may be granted."  28 U.S.C. § 1915A(b).

23    A claim is frivolous if it lacks an arguable basis either in law or fact.  Neitzke v. Williams, 490

24 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  A frivolous claim

25 is based on an inarguable legal conclusion or a fanciful factual allegation.  A federal court may dismiss

26 a claim as frivolous if it is based on an indisputably meritless legal theory or if the factual contentions

27 are clearly baseless.  Neitzke, 490 U.S. at 325; Franklin, 745 F.2d at 1228.  The test for malice is a

28          1

1  subjective one that requires the Court to determine whether the applicant is proceeding in good faith.

2  Kinney v. Plymouth Rock Squab. Co., 236 U.S. 43, 46 (1915); see, Wright v. Newsome, 795 F.2d 964,

3  968 n.1 (11th Cir. 1986).  A lack of good faith is most commonly found in repetitive suits filed by

4  plaintiffs who have used the advantage of cost-free filing to file a multiplicity of suits. A complaint may

5  be inferred to be malicious if it suggests an intent to vex the defendants or abuse the judicial process by

6  relitigating claims decided in prior cases, Crisafi v. Holland, 655 F.2d 1305, 1309 (D.C.Cir. 1981); if

7  it threatens violence or contains disrespectful references to the Court, id.; or if it contains untrue material

8  allegations of fact or false statements made with knowledge and an intent to deceive the Court, Horsey

9  v. Asher, 741 F.2d 209, 212 (8th Cir. 1984).

10  In his petition, Bradford alleges that the Kings County Superior Court Judge abused his

11  discretion when he denied Bradford's motion for entry of a default judgment in a civil action Bradford

12  filed against Lieutenant Ruiz.  (Doc. 1).  Bradford now petitions this Court to issue a mandate directing

13  the state court judge to enter a default judgment against Ruiz and a judgment in favor of Bradford.  (Id.

14  at 3).

15  It is well settled that federal courts do not have jurisdiction to issue a writ of mandamus "to direct

16  state court or their judicial officers in the performance of their duties." Clark v. State of Wash., 366 F.2d

17  678, 681-82 (9th Cir. 1966); Demos v. U.S. Dist. Court for Eastern Dist. of Wash., 925 F.2d 1160, 1161

18  (9th Cir. 1991); In re Campbell, 264 F.3d 730, 731 (7th Cir. 2001); Markowitz v. City of Memphis, No.

19  07-2213, 2007 WL 2123788, at *3 (W.D. Tenn. July 20, 2007); Thompson v. Ala., No. 3:07cv299, 2007

20  WL 2023496, at *1 (M.D. Ala. July 9, 2007).  Bradford's petition, therefore, is frivolous because it fails

21  to state a meritorious legal basis.  Neitzke, 490 U.S. at 325; Franklin, 745 F.2d at 1228.  Moreover, no

22  amendment to Bradford's petition would grant this Court jurisdiction to interfere with his state court

23  proceeding.

24  <u>CONCLUSION AND RECOMMENDATIONS</u>

25  Because this Court lacks jurisdiction to issue a mandate directing the state court to enter an order

26  in a state court case, Bradford's petition legally is frivolous, and no amendment would enable Bradford

27  to obtain the relief he seeks from this Court, the undersigned recommends that:

28

1        1.  Bradford's Petition for a Writ of Mandate (Doc. 1) be DISMISSED WITH PREJUDICE;

2   and

3        2.  The Clerk of this Court be DIRECTED to close this case.

4        These Findings and Recommendations are submitted to the United States District Court Judge

5   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the

6   Local Rules of Practice for the United States District Court, Eastern District of California. Within fifteen

7   (15) days after being served with a copy, any party may file written objections with the court and serve

8   a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings

9   and Recommendations."  Responses to the objections shall be served and filed within fifteen (15) days

10  after service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28

11  U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time

12  may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir.

13  1991).

14

15  IT IS SO ORDERED.

16  Dated:   **August 3, 2007**                               **/s/ Theresa A. Goldner**

17  _____                                                UNITED STATES MAGISTRATE JUDGE

18

19

20

21

22

23

24

25

26

27

28                                            3